UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-60985-CIV-O'SULLIVAN
[CONSENT CASE]

ULYSSES J. HUDSON,

    Plaintiff,

v.

MICHAEL CHERTOFF, as
Secretary of the United States
Department of Homeland Security,

    Defendant.
_____/

## AMENDED ORDER

THIS MATTER comes before the Court on the Plaintiff's Motion Requesting Injunctive Relief as Part of Final Judgment (DE # 231, 01/11/2007). Having reviewed the applicable filings and law and having heard argument from counsel, for the reasons stated more fully below, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion Requesting Injunctive Relief as Part of Final Judgment (DE# 231, 01/11/07) is GRANTED in part and DENIED in part.

## INTRODUCTION

A jury returned a verdict in favor of the plaintiff's claims against the government for discrimination under the Rehabilitation Act of 1973, 29 U.S.C. 701, *et seq.*, and for retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000, *et seq.* After trial and the return of the jury's verdict for the plaintiff, the plaintiff filed his motion

requesting injunctive relief as part of final judgement (D.E. # 231, 01/11/2007). The plaintiff seeks to expunge certain documents pertaining to discrimination from his personnel records and remove the stated reason for his employment termination. The defendant opposes the motion and requests the court to deny the plaintiff's motion. (D.E. # 238-1, 01/30/2007).

## FACTUAL BACKGROUND

The plaintiff was employed by the United States Customs Service and the Department of Homeland Security, Immigration and Customs Enforcement as an Intelligence Research Specialist from 1995 through February 26, 2005. In June 2005 the plaintiff filed this lawsuit alleging that Defendant discriminated against him based on his disability and retaliated against him for opposing unlawful employment activities during a period from May 2002 through plaintiff's employment termination on February 26, 2005. During this time frame the plaintiff was placed on a leave of absence as opposed to accommodating his disability. Defendant also issued certain warnings to the plaintiff, such as failing to submit proper medical documentation on a timely basis and improperly using a government credit card. Defendant eventually placed the plaintiff on "absence without leave" or "AWOL" status that Defendant ultimately used as the basis to terminate the plaintiff's employment on February 26, 2005.

This case was tried before a jury from November 1, 2006, through November 7, 2006. On November 7, 2006, the jury found that defendant's actions for the time period, from May 2002 through February 26, 2005, constituted unlawful employment practices. *See* Jury Verdict Form (D.E. 186).

After the jury returned a verdict in the plaintiff's favor, the plaintiff filed the present motion seeking to expunge certain documents pertaining to discrimination from his personnel records and remove the stated reason for his employment termination, so that the taint of discrimination and retaliation does not linger and, thus, prevent him from attempting to return to gainful employment. The defendant filed Defendant's Response in Opposition to Plaintiff's Motion for Injunctive Relief requesting to deny the plaintiff's motion. (D.E. # 238-1, 01/30/2007). The defendant also provided a copy of the plaintiff's personnel file under seal. (D.E. # 239, 01/30/2007). The plaintiff filed Plaintiff's Reply in Support of his Motion Requesting Injunctive Relief as Part of Final Judgment (D.E. # 241, 02/09/2007) and a true and correct copy of the plaintiff's Official Personnel File ("OPF") as produced by the defendant in discovery under seal (D.E. # 242, 01/09/2007). The plaintiff alleges that the two personnel files, produced by the defendant under seal (D.E. # 239, 01/30/2007) and produced by it during discovery (D.E. # 242, 01/09/2007) contain different documents. (D.E. # 241 at 2.) Both parties agree that this Court has full discretion to grant equitable relief as it deems appropriate utilizing its broad equitable powers under 42 U.S.C. § 2000e-5(g)(1).

## ANALYSIS

### I. The District Court Has Full Discretion To Grant Equitable Relief As It Deems Appropriate.

Section 2000e-5(g)(1) of Title 42 of the United States Code provides that the court may enjoin the defendant from engaging in unlawful employment practice and order any other equitable relief as the court deems appropriate. *Id.* The parties agree

3

that 42 U.S.C. § 2000e-5(g)(1) applies to the equitable relief requested in the present case vesting broad discretion in granting equitable relief with this Court. *See Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418 (1975) ("Congress took care to arm the courts with full equitable powers"); *Kilgo v. Bowman Transp., Inc*. 789 F.2d 859, 880 (11th Cir. 1986) (Under Title VII, courts have been granted broad equitable powers to remedy statutory  violations by fashioning the most complete relief possible). Thus, this Court has full discretion to grant equitable relief as it deems appropriate utilizing its broad equitable powers under 42 U.S.C. § 2000e-5(g)(1) to remedy the statutory violations determined by the jury.

## II. The Plaintiff is Entitled to Equitable Relief Under 42 U.S.C. § 2000e-5(g)(1).

The parties disagree as to whether the plaintiff is entitled to the equitable relief requested.  The defendant argues that the plaintiff failed to timely plead the claim for injunctive relief. The defendant's contention that the plaintiff has not  "specifically plead[ed]" to establish grounds for equitable relief lacks merit. (D.E. # 238-1, p.2, 01/30/2007). The plaintiff continuously demanded equitable relief in his amended complaint. (D.E. # 19 at pp. 32, 33-34, 35, 37, 39, 43, 44-45, 46-47).[1] Moreover, the Federal Rules of Civil Procedure state that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled,  *even if the party has not demanded such relief in the party's pleadings*." Fed.R.Civ.P. 54(c). (emphasis added) The rule allows the Court to grant relief, to which a party in entitled, even if it has not

---

[1] The plaintiff prayed for "any and all such relief, as this Court may deem to be just and proper." *See* D.E. # 19 at 47.

requested such relief, unless the relief granted "has improperly and substantially prejudiced" the opposing party. *See Rau v. Apple-Rio Management Co., Inc.*, 85 F. Supp. 2d 1344, 1350 (N.D.Ga. 1999), *aff'd* 251 F.3d 161 (Table) (11th Cir. 2001) (citing *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 424 (1975) and *International Harvester Credit Corp. v. East Coast Truck,* 547 F.2d 888, 891 (5th Cir. 1977)) (internal citations omitted). The Court finds that defendant received sufficient notice of plaintiff's desire for equitable relief to avoid prejudice. Thus, the plaintiff's motion for requesting injunctive relief as part of final judgment was timely filed.

The proper standard for granting injunctive relief is stated in 42 U.S.C. § 2000e-5(g)(1), that is:

> If the court finds that the respondent *has intentionally engaged in or is intentionally engaging in an unlawful employment practice* charged in the complaint, the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate..., or *any other equitable relief as the court deems appropriate. Id.* (emphasis added)

The jury found that the defendant has intentionally engaged in an unlawful employment discrimination practice. Accordingly, this Court finds that the plaintiff is entitled to equitable relief under 42 U.S.C. §2000e-5(g)(1).

### III. Specific Injunctive Relief Ordered.

In *Rau v. Apple-Rio Management Co., Inc.*, 85 F. Supp. 2d 1344, 1351 (N.D.Ga.. 1999), *aff'd* 251 F.3d 161 (Table) (11th Cir. 2001)[2], although the court

---

[2] The decision of the Court of Appeals for the Eleventh Circuit is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. The Eleventh Circuit provides by rule that unpublished opinions are not considered binding precedent. They may be cited as persuasive authority, provided that a copy of the unpublished opinion is attached to or incorporated within the brief, petition or motion. Eleventh Circuit Rules, Rule 36-2, 28 U.S.C.A. *See Rau v. Apple Rio Management*

refused to grant the extensive relief requested by the plaintiff, it held that defendants should be enjoined from providing a negative evaluation of plaintiff's performance to any prospective employer. *Id.* In *Rau*, as in the case at hand, the court concluded the plaintiff, who was no longer employed by the defendants, "could be prevented from obtaining a job equivalent to the one she held before her discriminatory demotion, thereby perpetuating its discriminatory effect." *Id.* (Internal citations omitted).

In *Stokley v. Lewis Carpet Mills, Inc.*, the court found the plaintiffs to be entitled to "assurances that the fact of their termination will not be used against them in the future" and issued an appropriate order that permanently enjoined the defendant, its agents, servants and employees "from stating expressly or impliedly or in any other way representing in its employment records that the plaintiffs were terminated for cause on [date]". *Stokley*, 1977 WL 838, at *1 (N.D. Ga. 1977). The court also ordered the defendant to erase any such references existing at the date of the injunction. *Id*. Similarly, in *Herawi v. State of Ala. Dept. of Forensic Sciences,* 330 F. Supp. 2d 1305 (M.D.Ala.. 2004), the court granted injunctive relief directing a former employer to remove certain documents from the plaintiff's personnel file and retain them separately under seal. The Court reached the identical results in *McIntosh v. Irving Trust Co.*, 873 F. Supp. 872, 880 (S.D.N.Y. 1995) (granting the plaintiff's request that the defendant purge its personnel files and removed from its personnel files any and all reprimands, evaluations and other items of that nature from the date when the

---

*Co., Inc.*, 251 F.3d 161 (11th Cir. 2001).

discriminatory conduct happened onward as appropriate relief to preclude further retaliatory conduct by preventing any reliance on discriminatory evaluations and records); *Smith v. Secretary of Navy,* 659 F.2d 1113, 1122 (D.C. Cir. 1981) (purged improper evaluation given by discriminated employee's supervisor because maintenance of the prohibited assessment in employee's personnel file would damage him by threatening his prospects for future promotions or merit awards); *see also Shehadeh v. Chesapeake & Potomac Telephone Co.*, 595 F.2d at 711, 722 (D.C. Cir. 1978); *Sibley Memorial Hospital v. Wilson*, 488 F.2d 1338, 1341 (D.C.Cir. 1973).

Other courts, including the Seventh Circuit,[3] have adopted a different approach, allowing expunction of *specifically listed documents* determined by the court as harming the employee's reputation and ability to find equivalent employment in the future, thus, precluding further discriminatory conduct by the employer. (emphasis added) In *Collins v. Suffolk County Police Dept.,* 349 F. Supp. 2d 559, 564 (E.D.N.Y. 2004), the court ordered defendants to "purge from their personnel file the documents identified as Plaintiff's Trial Exhibits 16, 17, 18, 20, 21, 22, 23, 24, 25 and Defendant's Trial Exhibit C" to preclude "further retaliatory conduct by preventing any reliance on discriminatory evaluations and records". See *Collins*, 349 F. Supp. 2d at 562 -563. The district court in *Zerilli v. New York City Transit Authority* held that an employee's "personnel file [was to] be purged of the [specific date] evaluation and of any evaluations, comments or

---

[3] *See Bruso v. United Airlines, Inc.*, 239 F.3d 848, 864 (7th Cir. 2001); *Sherkow v. Wisconsin Dep't of Pub. Instruction,* 630 F.2d 498, 504 (7th Cir. 1980);  *Collins v. Suffolk County Police Dept.,* 349 F. Supp. 2d 559, 564 (E.D.N.Y. 2004); *Zerilli v. New York City Transit Authority,* 973 F. Supp. 311, 318 (E.D.N.Y. 1997)*, aff'd in part, vacated in part on other grounds,* 162 F.3d 1149 (2d Cir. 1998).

notes made by [specific agents and managers of the defendant employer], or references to same" to prevent the employer from engaging in future acts of retaliation against the employee. Zerilli, 973 F. Supp. 311, 318 (E.D.N.Y. 1997), *aff'd in part, vacated in part on other grounds,* 162 F.3d 1149 (2d Cir. 1998). In *Bruso v. United Airlines, Inc.*, the Seventh Circuit remanded to the district court with specific instructions to "examine [employee's] personal record and order the expungement of all reference to the retaliatory demotion" since the appellate record did not contain particular information in the employee's personnel file pertaining to the discrimination. *Bruso v. United Airlines, Inc.*, 239 F.3d 848, 864 (7th Cir. 2001); *see also e.g., Sherkow v. Wisconsin Dep't of Pub. Instruction,* 630 F.2d 498, 504 (7th Cir. 1980) (affirming the district court's order to expunge a poor performance evaluation written by the defendant in retaliation for the plaintiff's public exercise of her right to be free from gender discrimination from the plaintiff's personnel file); *cf. Knapp v. Whitaker*, 757 F.2d 827, 846-47 (7th Cir. 1985) (upholding the district court expunging school teacher's documents relating to the constitutionally protected speech and the retaliatory termination from the teacher's personnel record after the jury found that a school unlawfully had terminated a teacher for engaging in constitutionally protected speech). The Seventh Circuit in *Bruso* also remanded to the district court for injunctive relief against future retaliation conduct. *See Bruso*,. 239 F.3d 848, at 863.

      This Court is persuaded by the analysis of the *Rau* decision as well as the decisions of the Seventh Circuit allowing expunction of *specifically listed documents* determined by the Court as harming employee's reputation and ability to find equivalent

employment in the future, thus, precluding further discriminatory conduct by the employer.

During the hearing, the defendant agreed to remove from the plaintiff's Official Personnel File (OPF)  bates-stamped pages HudsonOPF-1.07-0002 and HudsonOPF-1-07-0009. The plaintiff agreed to not seek benefits for the leave without pay period (LWOP) or the health benefit period stated in the documents. The parties agreed that the defendant shall designate Phil Brown, Human Resources Director for Customs and Border Protection, or his successor, as the contact person to provide references for the plaintiff to any prospective employer. It is

ORDERED AND ADJUDGED that the plaintiff's request to change the word "removal" on the personnel form (HudsonOPF-1.07-0003) that reflects the plaintiff's removal from the defendant's service on February 26, 2005 is DENIED. It is further

ORDERED AND ADJUDGED that the defendant shall delete from the plaintiff's OPF the documents identified as: (1) bates-stamped page HudsonOPF-1.07-0002, and (2) the reference to LWOP found at bates-stamped page HudsonOPF-1-07-0009. It is further

ORDERED AND ADJUDGED that the defendant shall not provide any documents contained in the plaintiff's OPF to anyone outside the federal government. The defendant may provide the plaintiff's Official Personnel File to another federal agency. It is further

ORDERED AND ADJUDGED that the defendant shall not provide information regarding the reason for plaintiff's separation from service to any prospective employer

and shall provide only the dates of service and the position at the time of separation. It is further

ORDERED AND ADJUDGED that the defendant and its past and present supervisory employees shall not provide any negative employment information concerning the plaintiff's employment from March 2002 to the present to any person outside the Department of Homeland Security unless agreed to by the plaintiff in writing. It is further

ORDERED AND ADJUDGED that the Department of Justice shall collect for the period from March 2002 to the present any files from the defendant's supervisors that relate to the plaintiff's personnel matters and maintain them until the conclusion of this litigation. The files shall not be returned to the Department of Homeland Security. Upon completion of this litigation, the files shall be disposed of in accordance with the Department of Justice protocol.

DONE AND ORDERED, in Chambers, at Miami, Florida, this __19th__ day of March, 2007.[4]

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record

---

[4] A separate order to this effect will be issued and shall be served by the defendant on all supervisors of the plaintiff during the time period from March 2002 to the present.