UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-60985-CIV-O'SULLIVAN
[CONSENT CASE]

ULYSSES J. HUDSON,

      Plaintiff,

v.

MICHAEL CHERTOFF, as
Secretary of the United States
Department of Homeland Security,

      Defendant.

_____/

## ORDER

THIS MATTER comes before the Court on the Parties' Notice Concerning their Meeting to Discuss Prejudgment Interest and Post-Judgment Interest (DE # 249, 03/5/2007) and Defendant's Position Regarding Outstanding Interest Matters (DE# 251, 3/6/07). Having reviewed the applicable filings and law and having heard argument from counsel, for the reasons stated more fully below, it is

ORDERED AND ADJUDGED that the plaintiff's request for prejudgment interest on back pay and compensatory damages is GRANTED in part and DENIED in part as more fully discussed below. The final judgment in this action will include an award of prejudgment interest on the back pay award only. Post-judgment interest will accrue on all of the damages awarded in the Final Judgment. It is further

ORDERED AND ADJUDGED that In accordance with this Order, the parties shall file with the Court by noon on Wednesday, March 28, 2007, a proposed final judgment that provides for back pay from February 26, 2005, through April 2, 2007,

plus prejudgment interest at the IRS adjusted prime rates pursuant to 28 U.S.C. § 1961 compounded annually for the period between October 21, 2002, through the anticipated date of the judgment, April 2, 2007; compensatory damages in the amount of $300,000; and thirteen months of front pay commencing from April 2, 2007. Post-judgment interest will accrue on the entire final judgment pursuant to 28 U.S.C. § 1961(a).

## INTRODUCTION

A jury returned a verdict in favor of the plaintiff's claims against the government for discrimination under the Rehabilitation Act of 1973, 29 U.S.C. 701, *et seq.*, and for retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000, *et seq.* In accordance with the verdict and the statutory cap on compensatory damages, this Court has previously determined that the plaintiff is entitled to an award for back pay; an award for compensatory damages in the amount of $300,000;[1] and an award for future pay for a period of eighteen months from November 1, 2001.

In this Court's Order dated February 12, 2007 (DE# 243), the undersigned determined that the plaintiff was entitled to eighteen months of front pay as of November 1, 2006.[2] In accordance with this Court's February 12, 2007 Order (DE# ), the parties conferred and discussed the issue of the amount of front pay. Pursuant to

---

[1] The verdict awarded the amount of $1.5 million for compensatory damages for the plaintiff's emotional pain and mental anguish. Pursuant to 42 U.S.C. § 1981a, that amount is capped at $300,000.

[2] The plaintiff's expert, Antonio Argiz, calculated back pay through the day before trial, October 31, 2006, and front pay starting on November 1, 2006.

the Parties' Notice Regarding Conference Concerning Front Pay, the parties agreed that if the Court uses the methodology of plaintiff's expert, Antonio Argiz, the 18-month front pay calculation(commencing November 1, 2006) for the amount set forth in the Order is $90,575.42.

The plaintiff requests prejudgment interest on his compensatory damages as well as his back pay.  The parties agree that the plaintiff is entitled to prejudgment interest on his back pay, but disagree as to whether he is entitled to  prejudgment interest on his compensatory damages.  Additionally, the plaintiff seeks post-judgment interest on the final judgment.  Without citation of any authority, the government argues that it is not liable for post-judgment interest.

## PREJUDGMENT INTEREST

### The Plaintiff is Entitled to Prejudgment Interest on His Back Pay Award

During the hearing held on March 7, 2007, the parties agreed that the plaintiff is entitled to prejudgment interest on the back pay award.  Due to the filing of the parties' post-trial motions, entry of the final judgment has been delayed by approximately five (5) months from the date of the verdict.  The computation of back pay for the time period immediately before the trial is the same as the computation for front pay after the trial.  The Court has and will continue to use the October 31, 2006, date used by the plaintiff's expert, Mr. Argiz, to assign damages for back pay and front pay.  Five months of the front pay must be re-categorized as back pay for the period between the trial and entry of the final judgment, which is anticipated to be on Monday, April 2, 2007, provided the Court accepts and approves the parties' proposed final judgment that will

3

be required to be filed by March 28, 2007.  Pre-judgment interest will accrue on the

total amount of the back pay.[3]

The parties agree that the applicable prejudgment rate is the IRS adjusted prime

rates pursuant to 28 U.S.C. § 1961 compounded annually for the period between

October 21, 2002, through the date of the judgment.  Weaver v. Casa Gallardo, Inc.,

922 F.2d 1515, 1528 (11th Cir. 1991);  Richardson v. Tricom Pictures & Productions,

Inc., 334 F. Supp. 2d 1303, 1314 (S.D. Fla. 2004).

The Plaintiff Is Not Entitled to Prejudgment Interest on His Compensatory
Damages Award

The parties disagree as to whether the plaintiff may recover prejudgment interest

on his compensatory damages for emotional pain and mental anguish.  In its verdict,

the jury awarded compensatory damages in the amount of $1.5 million.  This Court has

determined that the plaintiff's compensatory damages are capped at $300,000 pursuant

to 42 U.S.C. § 1981a.

An award of prejudgment interest is discretionary under Title VII and the

Retaliation Act.  See Armstrong v. Charlotte County Board of County Commissioners,

273 F. Supp. 2d 1312, 1314 (M.D. Fla. 2003) (acknowledging that prejudgment interest

is equitable relief within the province and discretion of the trial judge).   In exercising its

discretion, this Court is guided by the common law. See, Rau v. Apple-Rio

Management Co., 85 F. Supp. 2d 1344, 1349 (N.D. Ga. 1999), aff'd, 251 F.3d 161

---

[3] Thirteen months of front pay will remain and be awarded from the date of the
final judgment.

(11th Cir. 2001).[4]  The common law generally precludes accrual of prejudgment interest on compensatory damages for personal injuries.

> Under the common law, prejudgment interest was generally allowed only for liquidated damages or, in some cases, for unliquidated damages that were 'relatively certain and ascertainable by reference to established market values.'

Id. (quoting General Motors Corp. v. Devex Corp., 461 U.S. 648, 652 n.5 (1983) (other citations omitted).  "[P]rejudgment interest is generally not allowed for damages, such as those at issue here, intended to compensate for personal injuries." Id. (citations omitted).

Back pay and interest on back pay[5] are expressly excluded from the statutory cap on compensatory damages.  42 U.S.C. § 1981a(b)(2).  Subsection § 1981a(b)(2) provides that

> Compensatory damages awarded under this section shall not include backpay, interest on backpay, or any other type of relief authorized under section 706(g) of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000e-5(g)].

42 U.S.C. § 1981a(b)(2).  The express terms of the statute permit back pay and interest

---

[4]The Eleventh Circuit affirmed the district court without opinion.  Pursuant to Eleventh Circuit Court Rule 36-2, unpublished opinions are not considered binding precedent but may be cited as persuasive authority.

[5]"Title VII authorizes prejudgment interest as part of the backpay remedy ... The backpay award authorized by [Title VII] is a manifestation of Congress' intent to make persons whole for injuries suffered through past discrimination.  Prejudgment interest, of course, is an element of complete compensation."  Loeffler v. Frank, 486 U.S. 549, 558-59 (1988) (awarding prejudgment interest on the back pay award). "An award of prejudgment interest adjusts the back pay award for inflation and reflects the present day value of income that should have been paid to the claimant in the past." E.E.O.C. v. Joe's Stone Crab, 15 F. Supp. 2d 1364, 1379 (S.D. Fla. 1998); Richardson v. Tricom Pictures & Productions, Inc., 334 F. Supp. 2d 1303, 1314(S.D. Fla. 2004).

on back pay to exceed the statutory cap of $300,000.   Prejudgment interest on

compensatory damages is not expressly authorized by 42 U.S.C. § 1981a, which

provides the statutory cap for compensatory damages.  In the present action, sub-

section 1981a(b)(3)(D) provides that the sum of the amount of compensatory damages

awarded shall not exceed $300,000. Sub-section 1981a(b)(3)(D) provides in pertinent

part:

> The sum of the amount of compensatory damages awarded under this
> section for future pecuniary losses, emotional pain, suffering,
> inconvenience, mental anguish, loss of enjoyment of life, and other
> nonpecuniary losses, ... shall not exceed, for each complaining party–
>     (D) in the case of a respondent who has more than 500 employees
> in each of 20 or more calendar weeks in the current or preceding year,
> $300,000.

42. U.S.C. § 1981a(b)(3)(D).  The government did not waive sovereign immunity in

excess of $300,000 for compensatory damages.

In dicta, the district court in Rau, 85 F. Supp. 2d 1344, 1349 (N.D. Ga. 1999),

aff'd, 251 F.3d 161 (11th Cir. 2001),[6] opined that

> a strong argument could be made that the statute precludes an award of
> interest [on compensatory damages] that would push the total award over
> the statutory cap ... [P]laintiff seeks interest on damages intended to
> compensate her for personal injuries, the value of which could not have
> been readily ascertained prior to trial.  These are the types of damages
> for which prejudgment interest has traditionally been denied.

Rau, 85 F. Supp. 2d at 1349.

Neither party cited any Eleventh Circuit authority that analyzes the issue of

---

[6]The Eleventh Circuit affirmed the district court without opinion.  Pursuant to
Eleventh Circuit Court Rule 36-2, unpublished opinions are not considered binding
precedent but may be cited as persuasive authority.

prejudgment interest on compensatory damages against the government within the context of the $300,000 statutory cap. (DE# 250, 3/5/07). The plaintiff's cases that awarded prejudgment interest on compensatory damages are inapposite. None of the plaintiff's cited authorities involve actions against the federal government and they did not discuss the statutory cap. In the cases that awarded prejudgment interest, the total amount of compensatory damages and prejudgment interest awarded were well below the statutory cap.

Pursuant to 42 U.S.C. § 1981a, the government expressly waived sovereign immunity for liability for compensatory damages up to $300,000. Subsection 2000e-16(d) of Title 42 does not expand the express limited waiver:

> The provisions of section 2000e-5(f) through (k) of this title, as applicable, shall govern civil actions brought hereunder, and the same interest to compensate for delay in payment shall be available in cases involving nonpublic parties.

The plaintiff is not entitled to prejudgment interest on the $300,000 compensatory damage award for two reasons. First, the government's liability for compensatory damages including any prejudgment interest is limited to $300,000. Second, prejudgment interest is generally not permitted for the kind of uncertain non-liquidated damages represented by the $300,000 in compensatory damages.

## POST-JUDGMENT INTEREST

The federal government is liable in Title VII actions for interest to compensate for delay in payment to the same extent as private parties. 42 U.S.C. § 2000e-16(d) (1991) ("... the same interest to compensate for delay in payment shall be available as

in cases involving nonpublic parties."). <u>See</u> <u>Estate of Reynolds v. Martin</u>, 985 F.2d 470, 472 (9th Cir.1993)  Post-judgment interest will accrue on the Final Judgment pursuant to 28 U.S.C. § 1961(a) (2000) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court... Such interest shall be calculated from the date of the entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve system, for the calendar week preceding."). <u>See</u> <u>E.E.O.C. v. Guardian Pools</u>, 828 F.2d 1507, 1512-13 (11th Cir. 1987) (awarding post-judgment interest on back pay pursuant to 28 U.S.C. § 1961(a) (1982)).

_____DONE AND ORDERED, in Chambers, at Miami, Florida, this <u>23rd </u> day of March, 2007.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record