# Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-60985-CIV-Graham/O'Sullivan

ULYSSES J. HUDSON,

      Plaintiff,

v.

MICHAEL CHERTOFF,
as Secretary of the United States
Department of Homeland Security,

      Defendant.
_____/

## DECLARATION OF DONNA BALLMAN ESQ. IN SUPPORT OF PLAINTIFF'S VERIFIED MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS

I, Donna Ballman, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that to the best of my knowledge, the following is true and correct:

1. I have personal knowledge of the facts set forth below.

2. I submit this declaration in support of the Verified Motion for Award of Attorneys' Fees and Costs ("Verified Motion") submitted in this matter on behalf of Plaintiff, Ulysses J. Hudson ("Mr. Hudson").

3. I am the President of Donna M. Ballman, P.A. in Ft. Lauderdale and have practiced for more than 20 years, focusing on employment law. I have been named one of the "Top South Florida Lawyers" in the area of labor and employment law by South Florida Legal Guide based upon a survey of practicing local attorneys. I was recently named by Lawdragon as one of the "Top 500 Plaintiff's Attorneys in the United States." American Research Corporation has named me a "Leading Florida Attorney" and a "Leading American Attorney," in the area of labor and employment law. I have taught numerous CLEs and seminars on labor and

Case 0:05-cv-60985-JJO   Document 264-2   Entered on FLSD Docket 06/01/2007   Page 3 of 17
05/25/2007  11:27   9546806694                    DONNA M BALLMAN PA                          PAGE  03/05

CASE NO. 05-60985-CIV-Graham/O'Sullivan

employment law issues, and have published quite a few articles on labor and employment law topics. I am AV-rated by Martindale Hubbell.

4.  In 2003, Mr. Hudson filed Case No. 03-2487T with the Equal Employment Opportunity Commission ("EEOC Proceeding 03-2487T") alleging that Defendant purposely failed to consider him for Intelligence Research Specialist openings in Ft. Lauderdale, and alleging that Defendant wrongly penalized him for alleged misuse of his government credit card.

5.  In September 2004, Mr. Hudson hired me to represent him in EEOC Proceeding 03-2487T. $275 per hour was my standard rate at that time. (*See* Retainer Letter, a true and correct copy of which is attached hereto as **Ex. A**).

6.  He paid me a total of $10,000 as a retainer. (*See* Retainer Checks, a true and correct copy of which is attached hereto as **Ex. B**).

7.  From September 13, 2004 through March 9, 2005, I conducted written discovery and prepared for and conducted seven depositions, among other things.

8.  I kept contemporaneous billing records of the time I expended in this matter. . (*See* Attorneys' Fees Invoice, a true and correct copy of which is attached hereto as **Ex. C**). The billing program my firm maintained at that time was Timeslips. We have since converted to PC Law.

9.  In January, 2006, Eleventh Judicial Circuit Court Judge, Lawrence A. Schwartz, held, in an unrelated matter (*Hartfield v. Miami-Dade County and Charles Phillips, 04-01031 CA 32*), that $275 was a reasonable hourly rate for my attorney's fees. Similarly, in Case no. CACE 05-4078, *Noth v. Open MRI Center of Pembroke Pines, LC*, the Broward Circuit Court, through Judge Tobin, upheld $275 as a reasonable hourly rate for the undersigned. My current hourly rate is $350.00.

CASE NO. 05-60985-CIV-Graham/O'Sullivan

10. I expended 38.6 hours of time working on this matter.

Executed on May 25, 2007.

_____
Donna Ballman

### DECLARATION

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 25th day of May 2007.

_____
Donna Ballman

CASE NO. 05-60985-CIV-Graham/O'Sullivan

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Jason Kellogg
Jason Kellogg

### SERVICE LIST
### Hudson v. Chertoff
### Case No. 05-60985-Civ-Graham/O'Sullivan
### United States District Court, Southern District of Florida

Ann M. St. Peter-Griffith, Esq.
ann.st.peter-griffith@usdoj.gov
United States Attorney's Office
99 N.E. 4th Street, Suite 300
Miami, Florida 33132.
Telephone: (305) 961-9419
Facsimile: (305) 530-7139
Attorneys for Defendant Michael Chertoff

Via Transmission of Notices of Electronic Filing
Generated by CM/ECF

\\\\MI - 090334/010268 - 110307 v1

4

# Exhibit A

# DONNA M. BALLMAN
A Professional Association
ATTORNEYS AT LAW
4801 S. University Drive • Suite 3010
Ft. Lauderdale, Florida 33328

DONNA M. BALLMAN
ballmand@mindspring.com

Telephone: 954-680-6669
Fax 954-680-6694

September 1, 2004

Ulysses Hudson
2801 McKinley Street
Hollywood, FL 33020

RETAINER LETTER

Dear Mr. Hudson:

This confirms that you have requested me to represent you in EEOC case # 150-2004-00493X.

I have agreed to represent you on the following terms:

1. <u>Attorney's fees</u>. You will be billed on a partial contingency fee basis for time I expend on the lawsuit, as follows. A flat fee of TEN THOUSAND DOLLARS ($10,00.00) shall be paid as follows: $2000.00 upon execution, $3000.00 on or before September 15, 2004, and the remaining $5000.00 on or before October 1, 2004. This retainer is for the purpose of guaranteeing the future availability of my legal services, shall be nonrefundable, and is the minimum fee for me to get up to speed on the facts and law of the case. I will charge additional fees on a contingency basis, based upon 20% of any recovery so allowable as a matter of law. This fee does not encompass any other suits, any appeals, or administrative proceedings, but applies solely to case number #150-2004-00493X, based upon the underlying case no. 03-2487T. I will also seek to consolidate this matter with your pending case 02-2394 that is on appeal. Should the EEOC judge deny the consolidation, you will need to sign a separate retainer if you want me to handle that matter.

At the end of the proceedings, the undersigned shall apply, if appropriate, to recover the fees and costs you have incurred. Should the EEOC or any settlement award a recovery of fees in this matter, the undersigned shall be entitled to be paid the full amount you have been billed (minus the amount you have paid), plus any enhancement the EEOC or settlement has awarded. Should any additional legal services be required, they shall be paid on an hourly basis, at the rate of $275.00 per hour.

2. <u>Costs</u>. **My expenses in connection with the proceedings are additional and will be included in your statements. All statements shall be payable within 15 days of the date of the statement.** In the event of a late payment, interest shall be added to your balance at a rate of 1.5% per month. Such expenses will include, but are not limited to, arbitrator's and mediator's fees, court fees, investigator's fees, long distance telephone calls, photocopies, postage, telecopying charges, messenger fees, consultation fees, paralegal fees, word processing and other miscellaneous costs and expenses.

3. <u>Success of proceedings</u>. We have discussed that all administrative/litigation/mediation actions are risky and I have given you no guarantee that you will be successful on the merits of your matters. I will, however, zealously assert your position under the rules of the adversary system.

Ulysses Hudson
September 1, 2004
Page 2

    4.    <u>Collection</u>: Should it become necessary for me to take action to collect on any or all of my statements to you, in addition to all legal and equitable remedies to which I am entitled, I shall be entitled to recover the reasonable costs and attorney's fees I incur in such collection. You hereby agree to stipulate that, should you owe any attorney's fees after my representation of you is terminated, that you intend that any fees not fully paid shall be paid from any recovery which may be had from either of the actions set forth above. I reserve the right to terminate my representation of you and refuse to accept new cases from you if your account is not current and paid in full.

    5.    <u>Full cooperation:</u> You understand that I need you to provide documents, names of witnesses, and full details of your claims in order to represent you effectively. You also understand that your credibility is vital to your proceeding. You agree to provide me with all information I request on a prompt basis. You agree to provide me with any information which I need to proceed with your claim as soon as you obtain the information. You agree to tell the truth at all times during the proceedings and my consultations with you. Should your case be dismissed or sanctions be issued due to your failure to tell the whole truth or disclose all documents, I shall be entitled to be paid for my services at the hourly rate of $275.00 for all time I expended in your matter. You have specifically agreed to provide me with copies of your appeal of your prior court case, your complaint from that case, and your appeal of case no. 02-2394.

    If the terms and conditions contained herein are acceptable to you, please sign and date the enclosed copy of this letter and return it to me with your retainer.

    YOU UNDERSTAND THAT I CANNOT FILE AN APPEARANCE FOR YOU UNLESS AND UNTIL THE RETAINER IN THE AMOUNT OF $5000.00 IS PAID. Upon receipt of the initial $2000.00 I will begin drafting discovery requests, but will not submit them or any notice of appearance until I receive the second installment. Should you fail to pay the final installment of $5000.00 promptly, I will immediately withdraw from further representation of you on this case. I look forward to a long and mutually beneficial relationship.

                                                    Very truly yours,

                                                    Donna M. Ballman

_____
Ulysses Hudson
date: 9/1/04

## STATEMENT OF CLIENT'S RIGHTS

Before you, the prospective client, arrange a contingent fee agreement with a lawyer, you should understand this statement of your rights as a client. This statement is not a part of the actual contract between you and your lawyer, but, as a prospective client, you should be aware of these rights:

1. There is no legal requirement that a lawyer charge a client a set fee or a percentage of money recovered in a case. You, the client, have the right to talk with your lawyer about the proposed fee and to bargain about the rate or percentage as in any other contract. If you do not reach an agreement with one lawyer you may talk with other lawyers.

2. Any contingent fee contract must be in writing and you have three (3) business days to reconsider the contract. You may cancel the contract without any reason if you notify your lawyer in writing within three (3) business days of signing the contract. If you withdraw from the contract within the first three (3) business days, you do not owe the lawyer a fee although you may be responsible for the lawyer's actual costs during that time. If your lawyer begins to represent you, your lawyer may not withdraw from the case without giving you notice, delivering necessary papers to you, and allowing you time to employ another lawyer. Often, your lawyer must obtain court approval before withdrawing from a case. If you discharge your lawyer without good cause after the three-day period, you may have to pay a fee for work the lawyer has done.

3. Before hiring a lawyer, you, the client, have the right to know about the lawyer's education, training, and experience. If you ask, the lawyer should tell you specifically about his or her actual experience dealing with cases similar to yours. If you ask, the lawyer should provide information about special training or knowledge and give you this information in writing if you request it.

4. Before signing a contingent fee contract with you, a lawyer must advise you whether he or she intends to handle your case alone or whether other lawyers will be helping with the case. If your lawyer intends to refer the case to other lawyers he or she should tell you what kind of fee sharing arrangement will be made with the other lawyers. If lawyers from different law firms will represent you, at least one lawyer from each law firm must sign the contingent fee contract.

5. If your lawyer intends to refer your case to another lawyer or counsel with other lawyers, your lawyer should tell you about that at the beginning. If your lawyer takes the case and later decides to refer it to another lawyer or to associate with other lawyers, you should sign a new contract which includes the new lawyers. You, the client, also have the right to consult with each lawyer working on your case and each lawyer is legally responsible to represent your interests and is legally responsible for the acts of the other lawyers involved in the case.

6. You, the client, have the right to know in advance how you will need to pay the expenses and the legal fees at the end of the case. If you pay a deposit in advance for costs, you may ask reasonable questions about how the money will be or has been spent and how much of it remains unspent. Your lawyer should give a reasonable estimate about future necessary costs. If your lawyer agrees to lend or advance you money to prepare or research the case, you have the right to know periodically how much money your lawyer has spent on your behalf. You also have the right to decide, after consulting with your lawyer, how much money is to be spent to prepare a case. If you pay the expenses, you have the right to decide how much to spend. Your lawyer should also inform you whether the fee will be based on the gross amount recovered or on the amount recovered minus the costs.

7. You, the client, have the right to be told by your lawyer about possible adverse consequences if you lose the case. Those adverse consequences might include money which you

might have to pay to your lawyer for costs and liability you might have for attorney's fees to the other side.

8. You, the client, have the right to receive and approve a closing statement at the end of the case before you pay any money. The statement must list all of the financial details of the entire case, including the amount recovered, all expenses, and a precise statement of your lawyer's fee. Until you approve the closing statement, you need not pay any money to anyone, including your lawyer. You also have the right to have every lawyer or law firm working on your case sign this closing statement.

9. You, the client, have the right to ask your lawyer at reasonable intervals how the case is progressing and to have these questions answered to the best of your lawyer's ability.

10. You, the client, have the right to make the final decision regarding settlement of a case. Your lawyer must notify you of all offers of settlement before and after the trial. Offers during the trial must be immediately communicated and you should consult with your lawyer regarding whether to accept a settlement. However, you must make the final decision to accept or reject a settlement.

11. If at any time, you, the client, believe that your lawyer has charged an excessive or illegal fee, you, the client, have the right to report the matter to The Florida Bar, the agency that oversees the practice and behavior of all lawyers in Florida. For information on how to reach The Florida Bar, call (850) 561-5600 or contact the local bar association. Any disagreement between you and your lawyer about a fee can be taken to court and you may wish to hire another lawyer to help you resolve this disagreement. Usually fee disputes must be handled in a separate lawsuit, unless your fee contract provides for arbitration. You can request that a provision for arbitration (under Chapter 682, Florida Statutes or under the Fee Arbitration Rule of The Florida Bar) be included in your fee contract.

_____
Client Signature
9/1/04
_____
Date
_____
Attorney Signature
9/1/04
_____
Date

# Exhibit B

# ONLINE IMAGE

**ACCOUNT NUMBER:** 9983323559

| Check Number | Amount | Date Posted |
|---|---|---|
| 1798 | $2,225.00 | 09/14/2004 |



Print page    How to save    FAQs

https://icid.wachovia.com/webapp/icid_app/servlet/Titanium    10/2/04

P. 303

# WACHOVIA

## ONLINE IMAGE

**ACCOUNT NUMBER:** 9983323559

| Check Number | Amount | Date Posted |
|---|---|---|
| 1799 | $3,000.00 | 09/15/2004 |





# ONLINE IMAGE

**ACCOUNT NUMBER:** 9983323559

| Check Number | Amount | Date Posted |
|---|---|---|
| 1805 | $5,000.00 | 09/28/2004 |



Print page | How to save | FAQs

https://icid.wachovia.com/webapp/icid_app/servlet/Titanium    10/2/04

P. 305

**Exhibit C**

## Donna M. Ballman, P.A.
4801 S. University Drive
Suite 3010
Fort Lauderdale, FL 33328

Ph:954-680-6669          Fax:954-680-6694

Ulysses Hudson                                                  May 18, 2007

File #:     803
**Attention:** Jason Kellog                                     Inv #:      1470

**RE:**     Legal representation

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|---|---|---|---|---|
| Sep-13-04 | Prepare request for admissions | 1.10 | 302.50 | DB |
|  | Prepare request for available witnesses | 0.30 | 82.50 | DB |
|  | Prepare request for production | 0.90 | 247.50 | DB |
| Oct-26-04 | Prepare answers to interrogatories | 2.10 | 577.50 | DB |
| Oct-27-04 | Prepare response to request for production | 0.30 | 82.50 | DB |
| Nov-08-04 | Prepare for depositions | 3.40 | 935.00 | DB |
| Nov-09-04 | Prepare motion for consolidation | 0.60 | 165.00 | DB |
|  | Prepare order | 0.40 | 110.00 | DB |
|  | Prepare for and take depositions | 7.30 | 2,007.50 | DB |
| Nov-10-04 | Prepare for and take depositions | 5.20 | 1,430.00 | DB |
| Dec-03-04 | Prepare for and take deposition of Clark | 2.80 | 770.00 | DB |
| Jan-04-05 | Prepare for and take deposition of Dr. Lanes | 2.30 | 632.50 | DB |
| Jan-05-05 | Preparation for and attendance at deposition | 3.20 | 880.00 | DB |

05/18/2007  12:15   9546806694                    DONNA M BALLMAN PA                        PAGE  03/03

Invoice #:  1470                    Page  2                                          May 18, 2007

| Date | Description | Hours | Amount | Atty |
|---|---|---|---|---|
| Feb-24-05 | Prepare motion to oppose IME | 2.70 | 742.50 | DB |
| Mar-08-05 | Prepare response to order on scope | 0.50 | 137.50 | DB |
|  | Prepare witness list | 0.70 | 192.50 | DB |
| Mar-09-05 | Prepare motion for summary judgment | 4.80 | 1,320.00 | DB |
|  | Totals | 38.60 | $10,615.00 |  |

**Total Fee & Disbursements**                                                          $10,615.00
Retainers Applied                                                                       10,000.00

TAX ID Number   65-0179249