# Exhibit 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-60985-CIV-Graham/O'Sullivan

ULYSSES J. HUDSON,

      Plaintiff,

v.

MICHAEL CHERTOFF,
as Secretary of the United States
Department of Homeland Security,

      Defendant.

                                     /

## DECLARATION OF NEIL CHONIN, ESQ. IN SUPPORT OF PLAINTIFF'S VERIFIED MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS

I, Neil Chonin, Esq., declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that to the best of my knowledge, the following is true and correct:

1.     I have personal knowledge of the facts set forth below, and if called as a witness, I am competent to and would testify as follows.

2.     I submit this declaration in support of the Verified Motion for Award of Attorneys' Fees and Costs ("Verified Motion") submitted in this matter on behalf of Plaintiff, Ulysses J. Hudson ("Mr. Hudson").

3.     I am board certified in civil trial as well as labor and employment law. I am a member of the College of Labor and Employment Law and have been handling cases involving employment law since 1964 when the Civil Rights Act was passed. Since 1991 I have tried several cases to a jury verdict involving employment law including, but not limited to, *Elaine Holmes v. Georgia-Pacific, Connie Holmes v. Wal-Mart, and L.J. Copley v. BAX Global.*

4. I have reviewed (i) the Verified Motion; (ii) the Declaration of Brian L. Lerner in Support of Plaintiff's Verified Motion for Award of Attorneys' Fees and Costs (the "Lerner Declaration"); (iii) the Declaration of Donna Ballman in Support of Plaintiff's Verified Motion for Award of Attorneys' Fees and Costs (the "Ballman Declaration"); (iv) the Declaration of Mark J. Berkowitz in Support of Plaintiff's Verified Motion for Award of Attorneys' Fees and Costs (the "Berkowitz Declaration"); (v) the Declaration of Ulysses J. Hudson in Support of Plaintiff's Verified Motion for Award of Attorneys' Fees and Costs (the "Hudson Declaration"); and (vi) the invoices, time records and other records attached to the Lerner Declaration, Ballman Declaration and Berkowitz Declaration detailing the attorneys' fees, out-of-pocket expenses and taxable costs incurred through April 30, 2007

5. Mr. Hudson does *not* seek to recover for a significant amount of time spent on this matter by various Hogan & Hartson timekeepers, all of which would be reasonable given the voluminous records in this case (as demonstrated by the large exhibit binders used at trial). Mr. Hudson seeks only the fees of his trial counsel and one paralegal. Mr. Hudson does not seek fees for certain timekeepers when those individual timekeepers did a minimal amount of work on this matter or whose primary role was to research discrete issues. With relatively few exceptions, Mr. Hudson does not seek fees for one counsel's review of another counsel's work. Where multiple timekeepers attended a single meeting or event, such as the July 20, 2006 mediation before Magistrate Judge Palermo, Mr. Hudson seeks the fees of only one timekeeper at each meeting. Moreover, Hogan & Hartson has applied the discounted rate (by 15%) that it charges not-for-profit entities. In total, Mr. Hudson has voluntarily reduced the fees sought by $158,576.31, representing 25% of the total fees incurred in this matter. In taking this highly conservative approach to the amount of fees it seeks to recover, Mr. Hudson hopes to avoid wasteful and unnecessary discovery and litigation over the issue

of fees.

6. I have analyzed the arguments advanced by Mr. Hudson and Defendant in this case. In my opinion, the amount of work done by Mr. Hudson's counsel in this case is entirely reasonable given the nature of this matter. Mr. Berkowitz charged Mr. Hudson $1,000 for work over the better part of two days strategizing Mr. Hudson's case and helping Mr. Hudson draft an affidavit detailing his allegations in EEOC Proceeding 02-2394. Ms. Ballman charged $10,000 for 38.6 hours conducting written discovery and preparing for and taking seven depositions in EEOC Proceeding 03-2487T. Through the VLP, Hogan & Hartson took this case on the eve of the District Court's original June 12, 2006, trial calendar. After receiving a continuance but being ordered to respond to a pending summary judgment motion filed by Defendant, Mr. Hudson's counsel at Hogan & Hartson quickly pored over and digested thousands of pages of documents and familiarized themselves with this case, which involved ten separate claims and a large cast of potential witnesses. On September 14, 2006, Mr. Hudson defeated Defendants' Summary Judgment, and counsel promptly turned their attention toward trial, which was set for October 31, 2006. Mr. Hudson's counsel proffered and responded to a host of significant pretrial motions, retained an expert and conducted expert discovery. Mr. Hudson's counsel then presented Mr. Hudson's case at a five-day trial before this court from November 1-7, 2006 and obtained a $2.5 million jury verdict. Mr. Hudson's counsel also obtained important injunctive relief that, among other things, prevents Defendant from providing negative employment information to Mr. Hudson's prospective employers.

7. Following trial, Mr. Hudson's counsel researched, drafted and argued in opposition to a host of post-trial motions filed by Defendant. Although the compensatory damages award was reduced by $1.2 million due to the statutory cap, in post-trial litigation Mr. Hudson's counsel was able to retain Mr. Hudson's back pay award and a portion of Mr. Hudson's front pay award.

8. Based on my 45 years of experience in commercial litigation and employment law, I am familiar with the amount customarily charged by attorneys and allowed by this Court for attorneys' fees in litigation, and I understand the reasonable value of those services. Given the skills required in this case, the hourly rates charged by Mr. Hudson's attorneys in this matter are reasonable. I believe that the amount of time spent by Mr. Hudson's attorneys also was reasonable, and that the sum of $482,842.44 in attorneys' fees and related out-of-pocket costs of $20,684.36 is a reasonable fee for the attorneys' services and related costs in this matter.

Executed on May 29th, 2007.

_____
Neil Chonin, Esq.


## DECLARATION

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 29th day of May 2007.

_____
Neil Chonin, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Jason Kellogg
Jason Kellogg

## SERVICE LIST Hudson v. Chertoff Case No. 05-60985-Civ-Graham/O'Sullivan
### United States District Court, Southern District of Florida

Ann M. St. Peter-Griffith, Esq.
ann.st.peter-griffith@usdoj.gov
United States Attorney's Office
99 N.E. 4th Street, Suite 300
Miami, Florida 33132.
Telephone: (305) 961-9419
Facsimile: (305) 530-7139
Attorneys for Defendant Michael Chertoff

\\\MI - 090334/010268 - 110312 v1          5