# Exhibit 7

# HOGAN & HARTSON

Hogan & Hartson LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
+1.202.637.5600 Tel
+1.202.637.5910 Fax

www.hhlaw.com

June 14, 2006

Ulysses J. Hudson
2811 McKinley Street
Hollywood, FL 33020

Dear Mr. Hudson:

We are pleased to confirm that Hogan & Hartson L.L.P. ("Hogan & Hartson") will represent you, on the *pro bono* basis described herein, in connection with your employment discrimination case against the Department of Homeland Security in the United States District Court for the Southern District of Florida. This letter is intended to formalize our retention, as required by applicable Rules of Professional Conduct.

1. <u>Nature and Limits of Representation.</u>

You agree that you alone are our client for the specific matter(s) on which we are engaged as described in the first paragraph of this letter. Any representation of you in any other matter, proceeding or appeal must be the subject of a new engagement letter. We shall not be deemed to represent any affiliated parties or entities unless we expressly agree in writing to do so. There is no attorney-client relationship between Hogan & Hartson and any such related person or entity. The attorney-client privilege is solely between you and Hogan & Hartson. Any proposed expansion of the representation to include any such related persons or entities shall be subject to and contingent upon execution of an engagement letter directly with those persons or entities.

2. <u>Potential Costs of the Representation.</u>

We will charge no professional fees or costs for services rendered in connection with the matters or proceedings set forth in the first paragraph of this letter. You agree that Hogan & Hartson may seek its costs and fees from any third party that may become obligated to pay them through settlement or other favorable resolution of this legal action, and that payment of the firm's costs will take priority in any lump-sum settlement.

3. <u>Conflicts and Confidential Information.</u>

Hogan & Hartson is a large law firm with multiple offices around the world. Because of the firm's size and geographic scope, as well as the breadth and diversity of our practice, other present or future clients of the firm inevitably will have contacts with you. Accordingly, to prevent any future misunderstanding and to preserve the firm's ability to represent you and our other clients, we confirm the following understanding about certain conflicts of interest issues:

\\\DC - 90334/8003 - 1898223 v1

Ulysses J. Hudson
June 14, 2006
Page 2

    a)    Unless we have your specific agreement that we may do so, we will not represent another client in a matter which is substantially related to a matter in which we represent you and in which the other client is adverse to you. We understand the term "matter" to refer to transactions, negotiations, proceedings or other representations involving specific parties.

    b)    In the absence of a conflict as described in subparagraph (a) above, you acknowledge that we will be free to represent any other client either generally or in any matter in which you may have an interest.

    c)    The effect of subparagraph (b) above is that we may represent another client on any issue or matter in which you might have an interest, including, but not limited to:

        (i)    Agreements; licenses; mergers and acquisitions; joint ventures; loans and financings; securities offerings; bankruptcy or insolvency; patents, copyrights, trademarks, trade secrets or other intellectual property; real estate; government contracts; the protection of rights; representation before regulatory authorities;

        (ii)    Representation and advocacy with respect to legislative issues, policy issues, administrative proceedings, or rulemakings; and

        (iii)    Litigation matters brought by or against you as long as such matters are not the same as or substantially related to matters in which we are, or have been, representing you.

    d)    We do not view this advance consent to permit unauthorized disclosure or use of any client confidences. Under applicable Rules of Professional Conduct, we are obligated to and shall preserve the confidentiality of any confidential information you provide to us. In this connection, we may obtain nonpublic personal information about you in the course of our representation. Subject to any mandatory disclosure requirements that may arise, such as those described in an attachment hereto, we restrict access to your nonpublic personal information to firm personnel who need to know that information in connection with our representation and, as appropriate, third parties assisting in that representation. We maintain appropriate physical, electronic, and procedural safeguards to protect your nonpublic

\\\DC - 90334/8003 - 1898223 v1

Ulysses J. Hudson
June 14, 2006
Page 3

          personal information. We do not disclose nonpublic personal information about our clients or former clients to anyone, except as permitted by law and applicable Rules of Professional Conduct.

e) We will not disclose to you or use on your behalf any documents or information with respect to which we owe a duty of confidentiality to another client or person.

f) The fact we may have your documents and/or information, which may be relevant to another matter in which we are representing another client, will not prevent us from representing that other client in that matter without any further consent from you. In such a case, however, we will put in place screening or other arrangements to ensure that the confidentiality of your documents and/or information is maintained.

g) Our professional obligations require us to perform a conflicts check and not to commence work on a matter if we find conflicts of interest that would preclude us from doing so. Our professional obligations to you and to our other clients will require us to run a new conflicts check if there is any change in the parties to the matter or any material change in its nature. We must also run a new conflicts check before undertaking any new matters for you.

Either you or we may terminate this agreement and the arrangements described in this letter at any time. If the relationship is terminated, we agree to continue to keep confidential all confidential and privileged documents and information you have provided to us, except as required by law.

4. <u>Application of these Terms.</u>

This letter will govern our relationship with you even if you do not sign and return a copy of the letter. If you disagree with any of the terms, you should so advise us immediately by return correspondence, so that we can resolve any differences at the onset of this engagement and proceed with a clear, complete and consistent understanding of our relationship. This letter agreement supersedes any prior agreement with you with respect to our engagement to provide professional services to you, and the terms and conditions set forth herein may be modified as amended only by written agreement signed by Hogan & Hartson and by you.

Ulysses J. Hudson
June 14, 2006
Page 4

       Please sign and return this letter to us at your earliest convenience. Please feel free to call Maria Ramirez or me if you have any questions. We look forward to working with you on this matter.

                                      Sincerely,

                                      Patricia A. Brannan

By: _____
      Ulysses J. Hudson

Date: _____6/16/06_____

cc:  Maria Ramirez
      Jason Kellogg
      Mark Cheskin
      Brian Lerner

\\\DC - 90334/8003 - 1898223 v1

## DISCLOSURE ISSUES

1. **Lobbying Disclosure Act of 1995**

   Please note that, under certain circumstances, lawyers who lobby officials of the executive or legislative branches or federal agencies must publicly disclose such activities under the Lobbying Disclosure Act of 1995. If our activities on your behalf trigger the Act's registration and reporting requirements, we will have to file reports, which will be made available to the public, disclosing our representation of you, the general nature of our "lobbying" activities on your behalf, and the firm's income from such activities.

2. **Foreign Agents Registration Act**

   Under certain circumstances, lawyers who represent non-U.S. clients with respect to certain matters, including political activities, public relations, and advocacy before any agency or official of the U.S. government, must publicly disclose such activities under the Foreign Agents Registration Act. If our activities on your behalf trigger the Act's registration and reporting requirements, we will have to file reports, which will be made available to the public, disclosing our representation of you, the general nature of our activities on your behalf, and the firm's income from such activities.

3. **Tax Shelter Regulations**

   Internal Revenue Service ("IRS") regulations require certain "material advisors" who make "tax statements" in the course of their work to maintain lists containing specified information and to disclose such information to the IRS upon request. The lists generally identify participants in a transaction, describe their anticipated tax benefits, and must include certain supporting documentation. Although targeted at "potentially abusive tax shelters," these regulations encompass "any transaction that has the potential for tax avoidance or evasion." Many of the commercial and other matters that we handle involve incidental tax issues that may bring them within this definition, even if we are not acting as our client's tax adviser with respect to the matter. If our activities on your behalf trigger these record keeping or disclosure obligations, we will be required to comply with the applicable law. If you have any questions about these regulations, you should consult with your regular tax adviser.

4. **Compliance with Audit Requests, Subpoenas, Legal Process and Other Requests or Demands for Information**

   From time to time we may be required to respond to other requests for information or documents about you or our work for you. Such requests may come from you or your auditors. They may also come from third parties through a subpoena or other legal process to which we are required to respond.